## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DFO, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 4:24-cv-4002 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| W & P OF SIOUX FALLS LLC | ) | |
| D/B/A THE DEN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff DFO, LLC ("Denny's"), for its complaint against W & P of Sioux Falls LLC d/b/a The Den ("Defendant"), states and alleges as follows:

### SUBSTANCE OF THE ACTION

1.      Denny's is a corporation organized under the laws of the state of Delaware, with its principal place of business at 203 East Main Street, Spartanburg, South Carolina 29319.

2.      Denny's is an iconic American diner, founded in 1953, with more than 1600 location across the United States and the world. Denny's is widely known for serving breakfast, lunch, and dinner through its diverse selection of food and beverage menu items.

3.      Denny's uses THE DEN trademark and service mark in association with multiple products and services including, without limitation, restaurant services

and providing food and beverages for consumption on and off the premises ("THE DEN Mark").

4. Due to Denny's long-time and continuous use of THE DEN Mark in conjunction with Denny's services, THE DEN mark has come to be recognized by consumers as an indication of the source and quality of Denny's food products and restaurant services.

5. Over many years, Denny's has expended substantial time, effort, and money in advertising, promoting, and marketing Denny's services under THE DEN Mark, including advertising, promoting, and marketing Denny's food products and restaurant services in commercials and on social media.

6. Denny's advertising and substantial sales of Denny's services under THE DEN Mark have resulted in extensive valuable goodwill and widespread recognition of THE DEN Mark and Denny's services throughout the United States.

7. Denny's is the owner of a valid and subsisting registration in the U.S. Patent and Trademark Office ("USPTO") for the mark THE DEN (Registration No. 4,654,346) (hereinafter, "THE DEN® Mark") for:

> Restaurant services; Restaurant services, including sit-down service of food and take-out restaurant services; Restaurant services, namely, providing of

food and beverages for consumption on and off the premises.

8.     As a result of its federal registration, Denny's owns protectable trademark rights for the products and services set forth in the federal registration for THE DEN® Mark.

9.     Registration No. 4,654,346 for THE DEN® for "Restaurant services; Restaurant services, including sit-down service of food and take-out restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises" registered on December 9, 2014, and is incontestable pursuant to 15 U.S.C. § 1065.

10.     True and correct pages from the official website of the United States Patent and Trademark Office ("PTO") showing the current ownership and status of the registration for THE DEN® Mark are attached as **Exhibit A**.

11.     Notwithstanding Denny's prior rights in and to THE DEN® Mark, Defendant has used "The Den" to offer beverage and food products to customers.

12.     Denny's complaint asserts claims for federal service mark infringement in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114 (Count One); for federal unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a) (Count Two); and federal service mark dilution in violation of Section 43(c) of the Trademark Act of

1946, 15 U.S.C. §1125(c) (Count Three). Denny's brings this action to obtain injunctive relief to stop Defendant's ongoing illegal service mark use, infringement, unfair competition and dilution with respect to Denny's THE DEN® Mark and to seek damages sustained by Denny's as a result of Defendant's unlawful actions, plus attorney's fees, costs and other relief.

## PARTIES, JURISDICTION AND VENUE

13.    Denny's is a corporation organized under the laws of the state of Delaware, with its principal place of business at 203 East Main Street, Spartanburg, South Carolina 29319.

14.    Defendant operates from a location with an address of 909 West Avenue, Sioux Falls, South Dakota 57104.

15.    Defendant may be served through its agent at 909 West Avenue N, Sioux Falls SD 57104,.

16.    This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims presenting federal questions of law under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts).

17.    This Court has personal jurisdiction over Defendant because Defendant transacts business in South Dakota, has caused injury to Denny's in this District

through its infringement of Denny's trademarks, and because subjecting Defendant to the jurisdiction of this Court is not inconsistent with due process.

18.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to Denny's claims occurred in this District and/or because Defendant is subject to the Court's personal jurisdiction with respect to this action.

## FACTS COMMON TO ALL COUNTS

### DFO, LLC

19.    Denny's has extensively used THE DEN® Mark to identify its restaurant services namely, providing of food and beverages for consumption on and off the premises.

### THE DEN® Mark

20.    For almost a decade, Denny's has used THE DEN® Mark in U.S. interstate commerce for its food and beverage products and restaurant services.

21.    Denny's owns nationwide and common law rights in THE DEN® Mark based on the continuous and extensive use of this mark by Denny's in U.S. interstate commerce to promote Denny's food and beverage products and restaurant services.

22.    Pursuant to 15 U.S.C. § 1057(c), in addition to its common law rights and priority, Denny's obtained nationwide constructive rights in THE DEN® Mark

when the U.S. trademark application for THE DEN® (Registration No. 4,654,346) for restaurant services was filed.

23.     Denny's is the owner of all right, title, and interest in and to, including the right to enforce, THE DEN® Mark.

24.     Denny's is the owner of an incontestable registration for THE DEN® (Registration No. 4,654,346) in the USPTO as confirmed by **Exhibit A**.

25.     The incontestable registration of THE DEN® Mark (Registration No. 4,654,346) is conclusive evidence of the following rights: the validity of the registered THE DEN® Mark; the registration of THE DEN® Mark; Denny's ownership of THE DEN® Mark; Denny's exclusive right to use THE DEN® Mark with the services identified in its registration.

26.     Current examples of Denny's using THE DEN® Mark in connection with food and beverage products and restaurant services are shown hereinbelow:




27.    Denny's operates a THE DEN restaurant located at 5201 Granite Lane in Sioux Falls, South Dakota 57107 .

28.    Denny's registration for THE DEN® Mark on the Principal Register provides constructive notice to Defendant and others of Denny's ownership thereof pursuant to 15 U.S.C. §1072.

29.    The federal registration for THE DEN® Mark is valid, in force and effect, and constitutes *prima facie* evidence of Denny's exclusive ownership of and right to use THE DEN® Mark on and in connection with the marketing and rendering of the products and services specified in the registration certificate, pursuant to 15 U.S.C. § 1057(b).

30.    THE DEN® Mark has been backed by major advertising and promotional efforts in the United States and has gained significant public recognition.

31.    Denny's has invested a substantial amount of time, money, and other resources in promoting THE DEN® Mark in the United States.

32.    Denny's has continuously and exclusively advertised and promoted products and services under THE DEN® Mark in a large number of online, print, social media, and other communications throughout the United States.

33.    The public and trade have come to rely on Denny's THE DEN® Mark to distinguish Denny's services and products from those of others.

34.     THE DEN® Mark represents a valuable asset owned by Denny's.

**Defendant's Operations and Unlawful Activities**

35.     In later 2023, the Defendant recently began offering its services under

the mark "The Den," from the location as seen below:



36.    The Defendant's services include, among other things, providing customers beverages and food at its location to service the Defendant's customers. Advertisements for these services are depicted below:



166456546v1

37.    The Defendant's location is approximately five miles from Denny's THE DEN location in Sioux Falls, South Dakota.

38.    By offering customers the opportunity to come eat on its premises under the name "The Den", the Defendant services significantly overlap with the services offered under THE DEN® Mark, as both Denny's and the Defendant offer their customers food and beverage products at their respective locations.

39.    The Defendants has been promoting, advertising, and selling its services at its location under the name "The Den" without Denny's consent.

40.     The Defendant's use of the mark "The Den," which is identical in sight, sound, and meaning to Denny's THE DEN® Mark, for food and beverage services, causes consumer confusion and implies a sponsorship, endorsement, or affiliation with Denny's that it does not have.

41.    On information and belief, the Defendants did not begin to use "The Den" in connection with services and products that compete with, or are closely-related to, Denny's services and products until at least 2023, which is nearly nine years after Denny's began use of and filed a federal application to register its THE DEN mark.

42.    The Defendant's use of "The Den" in connection with its products and services is likely to cause confusion, mistake, or deception.

166456546v1

43. Because of the likelihood of confusion caused by Defendant's unauthorized use of "The Den," Denny's sent Defendant a letter confirming Denny's prior protectable rights in THE DEN®, the likelihood of confusion between the marks and requested that the Defendant cease use of "The Den." Defendant refused to cease use of "The Den."

## COUNT ONE

### Infringement of a Federally Registered Service Mark
### 15 U.S.C. § 1114(1)(a)

44.     Denny's incorporates herein and realleges all previous paragraphs of its Complaint.

45.     Denny's is the owner of all rights and title to, and has valid and protectable prior rights in, THE DEN® Mark.

46.     Since 2014, Denny's has continuously and extensively used in nationwide commerce THE DEN® Mark for its food and beverage products and restaurant services.

47.     With a priority dating back to the filing for its federal registration in 2014, used continuously thereafter, and now incontestable, Denny's owns federal trademark rights in THE DEN® Mark for food products and restaurant services.

48.     Defendant adopted and began using in U.S. commerce the "The Den," mark for beverages and food products and related services long after Denny's acquired rights in THE DEN® Mark.

49.     Defendant adopted and continues today to use in U.S. commerce the identical, and thus confusingly similar mark, "The Den" in connection with beverages and food products and related services with full and actual knowledge of Denny's priority rights in THE DEN® Mark for food and beverage products and restaurant services.

50.     Upon information and belief, Defendant has improperly gained profits by virtue of its infringement of THE DEN® Mark.

51.     Defendant's adoption, distribution, marketing, promotion, offering for sale, and sale of beverages and food products and related services under the name "The Den," which is confusingly similar to Denny's federally registered THE DEN® Mark, constitutes an infringement of Denny's THE DEN® Mark in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

52.     As a result of Defendant's unauthorized use of "The Den" mark that is confusingly similar to Denny's registered THE DEN® Mark, the public is likely to believe that Defendant's beverages and food products and related services have been provided, approved by, or are affiliated with Denny's.

53.     As a result of Defendant's wrongful conduct, Denny's has suffered and will continue to suffer damages, as well as the loss of control over the goodwill and reputation established in its federally registered THE DEN® Mark.

54.     Denny's is entitled to recover from Defendant all actual damages that Denny's has sustained and may later sustain due to Defendant's improper conduct, and a sum above the amount found as actual damages up to three times such amount, and Defendant's profits from its improper conduct, in an amount to be proven at trial and to be enhanced as compensation to Denny's, pursuant to 15 U.S.C. § 1117.

55.     Denny's is also entitled to injunctive relief pursuant to 15 U.S.C. §1116(a).   Unless Defendant's unlawful conduct is enjoined, Denny's has no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Denny's THE DEN® Mark is a unique and valuable property which has no readily determinable market value, (b) Defendant's infringement and illegal conduct constitute harm to Denny's such that Denny's could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the Defendant's beverages and food products and related services, and (d) Defendant's wrongful and illegal conduct, and the resulting damage to Denny's, is continuing and ongoing, since Defendant currently renders beverages and food products and related services under "The Den."

166456546v1

56.     Defendant's actions have been willful, and this case stands out from others with respect to the weakness of Defendant's litigation position relative to the strength of Denny's position considering both the governing law and the facts of this case and amounts to an exceptional case, justifying an award of attorneys' fees to Denny's pursuant to 15 U.S.C. § 1117.

## COUNT TWO

### Federal Unfair Competition
### and False Designation of Origin
### 15 U.S.C. § 1125(a)

57.     Denny's incorporates herein and realleges the previous paragraphs of its Complaint.

58.      Denny's is the owner of all rights and title to, and has valid and protectable prior rights in, THE DEN® Mark.

59.     The Defendant's infringing services under "The Den" are of the same or similar nature and have similar forms and purpose as those rendered by Denny's under its THE DEN® Mark.

60.     Defendant's actions described above, and specifically, without limitation, Defendant's use in U.S. commerce of the confusingly similar "The Den" in the distribution, marketing, promotion, offering for sale, and sale of beverages and food products and related services constitute unfair competition and false designations of origin and false descriptions or representations.  Such conduct (1)

wrongfully trades on Denny's long-standing and hard-earned goodwill in its THE DEN® Mark and the reputation established by Denny's in connection with its food and beverage products and restaurant services, (2) passes off Defendant's beverages and food products and related services in commerce as those of Denny's, and (3) limits Denny's ability to interact with customers and gain revenue through the rendering of food and beverage products and restaurant services using THE DEN® Mark.

61.     As a result of Defendant's unlawful use in commerce of the "The Den," which is confusingly similar to THE DEN® Mark, consumers are likely to be misled, deceived and confused as to the origin, sponsorship, or affiliation of Defendant's beverage and food products and related services.

62.      Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive Denny's of the ability to control the consumer perception of its services rendered under its THE DEN® Mark, placing the valuable reputation and goodwill of Denny's in the hands of this Defendant.

63.     Defendant's conduct in adopting and using the "The Den" is likely to cause confusion, mistake, or deception as to the affiliation, connection and association of Defendant and its services with Denny's, and as to the sponsorship, origin or approval of Defendant and its services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

166456546v1

64.     Denny's has suffered actual damages proximately caused by Defendant's conduct, as well as the continuing loss of the goodwill and reputation established by Denny's in its THE DEN® Mark, in an amount to be determined at trial.  Denny's is entitled to recover from Defendant all actual damages that Denny's has sustained and may later sustain due to Defendant's improper conduct, and a sum above the amount found as actual damages up to three times such amount, and Defendant's profits from its improper conduct, in an amount to be proven at trial and to be enhanced as compensation to Denny's, pursuant to 15 U.S.C. § 1117.

65.     Unless permanently enjoined, Denny's will continue to suffer irreparable harm and damage to its business, reputation, and goodwill. Denny's has no adequate remedy at law because, among other things, (a) Denny's trademark is unique and valuable property which has no readily determinable market value, (b) Defendant's infringement constitutes harm to Denny's such that Denny's could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, mislead, or deceived as to the source, origin, or authenticity of the infringing services, and (d) Defendant's wrongful and illegal conduct, and the resulting damage to Denny's, is continuing and ongoing, since Defendant currently offers beverage and food products and related services under the "The Den."

66.     Defendant's actions have been willful, and this case stands out from others with respect to the weakness of Defendant's litigation position relative to the strength of Denny's position considering both the governing law and the facts of this case and amount to an exceptional case, justifying an award of attorneys' fees to Denny's pursuant to 15 U.S.C. § 1117.

## COUNT THREE

### Federal Trademark Dilution
### 15 U.S.C. § 1125(c)

67.     Denny's incorporates herein and realleges all previous paragraphs of its Complaint.

68.     THE DEN® Mark is inherently distinctive as it has no descriptive connection with food and beverage products and restaurant services.

69.     By virtue of significant use, advertisement, and promotion of THE DEN® Mark as set forth factually in this Complaint in Paragraphs 2-6 and elsewhere, such mark became famous and well-recognized by the consuming public long before the Defendant's adoption of the "The Den."

70.     Defendant's actions and specifically, without limitation, Defendant's unauthorized use of the "The Den" in commerce to advertise, market, and sell alcoholic beverages and food products commencing long after Denny's acquired fame in the distinctive THE DEN® Mark, are likely to cause dilution by blurring of THE DEN® Mark in violation of 15 U.S.C. § 1125(c).

71.     The actions of Defendant, if not enjoined, will continue. Denny's has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with THE DEN® Mark, and injury to Denny's reputation.  Denny's is therefore entitled to injunctive relief under 15 U.S.C. §§ 1116, 1125(c).

72.     The actions of Defendant described above were and continue to be deliberate and willful.  Denny's is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of its services, and the costs of this action pursuant to 15 U.S.C. § 1117.

## DEMAND FOR JURY TRIAL

73.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Denny's demands a trial by jury on all claims and issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Denny's prays for:

1.     A judgment in favor of Denny's on all counts of the Complaint;

2.     An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing THE DEN® Mark or using any other mark similar to or likely to cause confusion

-18-

166456546v1

with THE DEN® Mark, including without limitation by using the "The Den"; from committing any other unfair business practices tarnishing THE DEN® Mark; from using or registering any name with any secretary of state or the USPTO that incorporates the word "The" in combination with "Den"; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Denny's;

      3.    An order granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services provided, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant is in any way approved, endorsed, licensed, sponsored, authorized, or associated, affiliated, or otherwise connected with Denny's or constitute or are connected with Denny's products or services;

      4.    An order directing Defendant to immediately cease all providing, marketing, advertising, promotion, sale, offer for sale and/or use of any and all advertisements, signs, displays, promotional materials, business cards, web sites, social media accounts, telephone directories and other materials that feature or bear any designation or mark incorporating "The Den" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise,

promote, sell, or offer for sale Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all products, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing THE DEN® Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of THE DEN® Mark, and to immediately remove them from public access and view;

5.     An order directing that Defendant recall and deliver up to Denny's for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing THE DEN® Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of THE DEN® Mark;

6.     An order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Denny's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

7.     Actual damages suffered by Denny's as a result of Defendant's unlawful conduct, including a sum up to three times such amount, according to the circumstances of this case, pursuant to 15 U.S.C. § 1117(a);

8.      Reasonable funds for future corrective advertising;

9.      An order directing that Defendant account to and pay over to Denny's all profits realized by its wrongful acts in accordance with 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Denny's for the compensatory damages caused thereby;

10.     An order enjoining Defendant from all acts unfairly competing with Denny's;

11.     Compensatory and restitutionary relief against Defendant and in favor of Denny's, including Denny's actual damages and disgorgement of Defendant's wrongfully obtained profits and any other appropriate relief to be enhanced as compensatory damages to Denny's;

12.     An award of interest to Denny's, including pre-judgment and post-judgment interest, on the foregoing sums;

13.     An award of Denny's reasonable attorney fees and costs pursuant to 15 U.S.C. § 1117(a); and

14.     Such other relief as the Court deems just and equitable.

[SIGNATURES ON FOLLOWING PAGE]

166456546v1

Respectfully submitted this 2nd day of January, 2024


_/s/ *Alex M. Hagen*_____
Alex M. Hagen
Cadwell Sanford Deibert & Garry LLP
200 East 10th Street, Suite 200
Sioux Falls, South Dakota 57104
Tel.: (605) 336-0828 Fax: (605) 336-6036
Email:  ahagen@cadlaw.com


Austin Padgett (pro hac application to be
filed)
Ohio Bar No. 85368
Michael D. Hobbs Jr. (pro hac application to
be filed)
Georgia Bar No. 358160
Justin W. Tilghman (pro hac application to
be filed)
Georgia Bar No. 495972
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000 / Fax: (404) 885-3995
Austin.padgett@troutman.com
michael.hobbs@troutman.com
justin.tilghman@troutman.com


***Attorneys for Plaintiff DFO, LLC***

166456546v1

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DFO, LLC

**(b)** County of Residence of First Listed Plaintiff  Spartanburg County, South Carolina
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alex M. Hagen, Cadwell Sanford Deibert & Garry LLP, 200 E. 10th Street, #200, Sioux Falls, SD 57104
(605) 336-0828

## DEFENDANTS

W & P of Sioux Falls LLC dba The Den

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
25 U.S.C. 1114 et seq.

Brief description of cause:
trademark infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
Jan 2, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Alex M. Hagen

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____